UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELECTRONIC SCRIPTING PRODUCTS, INC., | Civil Action No. |
| Plaintiff, | |
| v. | COMPLAINT FOR PATENT INFRINGEMENT |
| AMP CREATIVE, | |
| Defendant. | |
| | JURY DEMAND |

### 1.    **COMPLAINT FOR PATENT INFRINGEMENT**

2.    COMES NOW, Plaintiff ELECTRONIC SCRIPTING PRODUCTS, INC.

("ESPi") or its Complaint against Defendant AMP CREATIVE ("AMP CREATIVE"), alleges as

follows:

### THE PARTIES

1.    Plaintiff Electronic Scripting Products, Inc. ("ESPi") is a company organized under

the laws of the State of Delaware, having its principal place of business located at 446 Old

County Road, Suite 201, Pacifica, CA 94044 and mailing address at 555 Bryant Street #142, Palo Alto, CA 95301.

2.      On information and belief, AMP CREATIVE ("AMP CREATIVE") is a corporation with an office in Seattle, Washington.

**JURISDICTION AND VENUE**

3.      This is an action for patent infringement in violation of the Patent Act of the United States, 35 U.S.C. §§ 1 *et seq*.

4.      This Court has original and exclusive subject matter jurisdiction over the patent infringement claims for relief under 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over AMP CREATIVE because it maintains a regular and established place of business in this District.  On information and belief, AMP CREATIVE has transacted and is continuing to transact business in this District that includes, but is not limited to, committing acts of patent infringement giving rise to this action by use and sale of products and systems that practice the subject matter claimed in the patent involved in this action.

6.      Venue is proper in this district under 28 U.S.C. § 1400(b) because AMP CREATIVE has a regular and established place of business in this District.  Upon information and belief, AMP CREATIVE has committed acts of infringement in this district.

**FACTS**

7.      On January 29, 2019, United States Patent No. 10,191,559 B2 entitled "Computer Interface For Manipulated Objects With An Absolute Pose Detection Component" was duly and legally issued.  A true and correct copy of United States Patent No. 10,191,559 B2 ("the '559 Patent") is attached hereto as Exhibit A and incorporated herein by this reference.

8.      Plaintiff is the assignee of the entire right, title and interest in and to the '559 Patent, including all rights to enforce the '559 Patent and to recover for infringement.

9.      Claim 1 of the '559 Patent claims:

1. A manipulated object cooperating with a first plurality of high optical contrast features disposed in a real three-dimensional environment, said manipulated object comprising:

a) a photodetector configured to detect said first plurality of high optical contrast features and generate photodetector data representative of the positions of said first plurality of high optical contrast features;

b) a controller configured to identify a derivative pattern of said first plurality of high optical contrast features from said photodetector data, wherein said derivative pattern is indicative of the position of said photodetector; and

c) at least one component selected from the group consisting of an auxiliary motion detection component, an active illumination component and a scanning component.

On information and belief, AMP CREATIVE infringes Claim 1 of the '559 Patent by making, using, selling and/or offering to sell in the United States, including in this District, through its AR/VR solutions and associated software and products ("Accused Products").

10.    AMP CREATIVE infringes each element of Claim 1 as follows:

"A manipulated object cooperating with a first plurality of high optical contrast features disposed in a real three-dimensional environment, said manipulated object comprising:" – To the extent that the preamble is included in an infringement analysis, below demonstrates the various elements -- AMP CREATIVE uses as manipulated object a mobile device such as an iOS devie or an Android devie.

ELECTRONIC SCRIPTING PRODUCTS, INC. v. AMP CREATIVE
Complaint for Patent Infringement



The device cooperates with high contrast features in the real three-dimensional environment, e.g., edges of the table or special markings such as those used in commerce on business cards:

In cases where AMP CREATIVE uses an iPhone the Apple ARKit or equivalent looks for features:

scene visible to the device's camera. ARKit recognizes notable features in the scene image, tracks differences in the positions of those features across video frames, and compares that information with motion sensing data. The result is a high-precision model of the device's position and motion.

In cases where AMP CREATIVE uses an Android phone, the Google ARCore or equivalent looks for features:

ARCore is constantly improving its understanding of the real world environment by detecting feature points and planes.

"a) a photodector configured to detect said first plurality of high optical contrast features and generate photodetector data representative of the positions of said first

ELECTRONIC SCRIPTING PRODUCTS, INC. v. AMP CREATIVE
Complaint for Patent Infringement

plurality of high optical contrast features;" – AMP CREATIVE uses a camera of an iOS device or Android device as the photodector to detect the high optical contrast features and generate data representative of the positions of these features:



"b) a controller configured to identify a derivative pattern of said first plurality of high optical contrast features from said photodetector data, wherein said derivative pattern is indicative of the position of said photodetector; and" – AMP CREATIVE uses the iPhone or Android phone processing unit(s) as controller(s) that identify the derivative pattern and this derivative pattern is indicative of the position of the photodetector here by the phone's camera:



"c) at least one component selected from the group consisting of an auxiliary motion detection component, an active illumination component and a scanning component." – AMP CREATIVE uses at least one of the iOS device's or Android

devie's auxiliary motion detection components such as inertial device (Inerterial Measurement Unit or IMU or motion sensing unit), using the Apple ARKit, Google ARCore.

11.    Similarly, AMP CREATIVE also infringes Claims 6, 6, 10, 15, 16, 19, 24, and 25.

12.    On November 2, 2010, United States Patent No. 7,826,641 B2 entitled "Apparatus And Method For Determining An Absolute Pose Of A Manipulated Object In A Real Three-Dimensional Environment With Invariant Features" was duly and legally issued.  A true and correct copy of United States Patent No. 7,826,641 B2 ("the '641 Patent") is attached hereto as Exhibit B and incorporated herein by this reference.

13.    Plaintiff is the assignee of the entire right, title and interest in and to the '641 Patent, including all rights to enforce the '641 Patent and to recover for infringement.

14.    Claim 1 of the '641 Patent claims:

1. An apparatus for processing absolute pose data derived from an absolute pose of a manipulated object in a real three-dimensional environment, said apparatus comprising:

a) at least one invariant feature in said real three-dimensional environment;

b) an optical measuring means for optically inferring said absolute pose from on-board said manipulated object using said at least one invariant feature and expressing said inferred absolute pose with absolute pose data $(\phi, \theta, \psi, x, y, z)$ representing Euler rotated object coordinates expressed in world coordinates $(X_o, Y_o, Z_o)$ with respect to a reference location;

c) a processor for preparing said absolute pose data and identifying a subset of said absolute pose data; and

d) a communication link for transmitting said subset to an application.

ELECTRONIC SCRIPTING PRODUCTS, INC. v. AMP CREATIVE
Complaint for Patent Infringement

15.    On information and belief, AMP CREATIVE infringes Claim 1 of the '641 Patent by making, using, selling and/or offering to sell in the United States, including in this District, through its AR/VR solutions and associated software and products ("Accused Products").

16.    AMP CREATIVE infringes each element of Claim 1 as follows:

"An apparatus for processing absolute pose data derived from an absolute pose of a manipulated object in a real three-dimensional environment, said apparatus comprising:" – To the extent that the preamble is included in an infringement analysis, below demonstrates the various elements:  AMP CREATIVE has an apparatus for processing absolute pose data derived from an absolute pose of a manipulated object that is a mobile device such as an iOS (e.g., iPad/iPhone) or an Android device:



"a) at least one invariant feature in said real three-dimensional environment;" – AMP CREATIVE uses at least one invariant feature in the real three-dimensional environment that can include special markings such as those used in commerce on business cards:

ELECTRONIC SCRIPTING PRODUCTS, INC. v. AMP CREATIVE
Complaint for Patent Infringement





"b) an optical measuring means for optically inferring said absolute pose from on-board said manipulated object using said at least one invariant feature and expressing said inferred absolute pose with absolute pose data ($\phi$, $\theta$, $\psi$, x, y, z) representing Euler rotated object coordinates expressed in world coordinates ($X_o$, $Y_o$, $Z_o$) with respect to a reference location;" – AMP CREATIVE uses a camera of iPhone or Android phone as the optical measuring means for optically inferring said absolute pose from onboard an iPhone or an Android phone:



Further, it uses the at least one invariant feature and expressing the absolute pose data by rotation angles (pitch, yaw, roll) expressing the orientation and (x,y,z) expressing the position portions of the absolute pose with respect to a reference location.

   "c) a processor for preparing said absolute pose data and identifying a subset of said absolute pose data; and" – AMP CREATIVE uses an iOS device's or an Android device's processing unit(s) as controller(s) for preparing the absolute pose data and identifying a subset of the absolute pose data where the subset can include all the pose data.



   "d) a communication link for transmitting said subset to an application" – AMP CREATIVE uses a communication link internal to the manipulated object such as an iPhone or an Android phone for transmitting the subset to an application, e.g., an application for seeing an item from every angle:





17.     Similarly, AMP CREATIVE also infringes Claim 29.

18.     On January 5, 2016, United States Patent No. 9,229,540 B2 entitled "Deriving Input From Six Degrees Of Freedom Interfaces" was duly and legally issued.  A true and correct copy of United States Patent No. 9,229,540 B2 ("the '540 Patent") is attached hereto as Exhibit C and incorporated herein by this reference.

19.     Plaintiff is the assignee of the entire right, title and interest in and to the '540 Patent, including all rights to enforce the '540 Patent and to recover for infringement.

20.     Claim 1 of the '540 Patent claims:

1. An interface for producing an input from an absolute pose of an item associated with a user in a three-dimensional environment, said interface comprising:

a) a unit on-board said item, said unit configured to receive non-collinear optical inputs presented by at least one stationary object in said three-dimensional environment, said at least one stationary object having at least one feature detectable via an electromagnetic radiation, said at least one feature presenting a sufficient number of said non-collinear optical inputs for establishing a stable frame in said three-dimensional environment;

b) processing electronics employing a computer vision algorithm using a homography to recover said absolute pose of said item from a geometrical description of said non-collinear optical inputs in terms of absolute pose parameters in said stable frame and to generate a signal related to at least one of said absolute pose parameters;

ELECTRONIC SCRIPTING PRODUCTS, INC. v. AMP CREATIVE
Complaint for Patent Infringement

c) an application employing said signal in said input, wherein said absolute pose of said item comprises at least three translational degrees of freedom and at least three rotational degrees of freedom, said at least one absolute pose parameter is related to at least one among said at least three translational degrees of freedom and said at least three rotational degrees of freedom by a mapping and at least one aspect of said application varies with said absolute pose of said item.

21.     On information and belief, AMP CREATIVE infringes Claim 1 of the '540 Patent by making, using, selling and/or offering to sell in the United States, including in this District, through its AR/VR solutions and associated software and products ("Accused Products").

22.     AMP CREATIVE infringes each element of Claim 1 as follows:

"An interface for producing an input from an absolute pose of an item associated with a user in a three-dimensional environment, said interface comprising:" – To the extent that the preamble is included in the infringement analysis, AMP CREATIVE has an interface such as WebXR for producing an input from an absolute pose of an item that is a wearable item, namely a VR headset (HDM) that is associated with a user in a three-dimensional environment, as shown below:





"a) a unit on-board said item, said unit configured to receive non-collinear optical inputs presented by at least one stationary object in said three-dimensional environment, said at least one stationary object having at least one feature detectable via an electromagnetic radiation, said at least one feature presenting a sufficient number of said non-collinear optical inputs for establishing a stable frame in said three-dimensional environment" -- AMP CREATIVE uses a unit on-board the item (i.e., a unit on-board the HMD), this unit are the on-board cameras (e.g., dual front-facing cameras) that receive non-collinear optical inputs. The non-collinear optical inputs are presented by at least one stationary object in the three-dimensional environment, in other words, in uses a tracked environment that "lock" virtual content to the physical location in the three-dimensional environment.  The at least one stationary object having at least one feature detectable via an electromagnetic radiation and having sufficient number of non-collinear optical inputs for establishing a stable frame in the three-dimensional environment, here AMP Creative uses stationary objects in room such as furniture and other objects and the stable frame is obtained from frames at framerate of cameras in XR hardware device.  CREATIVE uses electromagnetic radiation, since the HMD cameras use electromagnetic radiation.

"b) processing electronics employing a computer vision algorithm using a homography to recover said absolute pose of said item from a geometrical description of said non-collinear optical inputs in terms of absolute pose parameters in said stable frame and to generate a signal related to at least one of said absolute pose parameters" -- AMP CREATIVE uses electronics employing a computer vision algorithm using a homography (homography aka projective or perspective transformation) to recover the absolute pose of the item or HMD  or XRViewer perspective from a geometrical description of the non-collinear optical inputs in terms of absolute pose parameters in the stable frame, which is the XRReferenceSpace - i.e., the geometrical description using coordinates and to generate a signal related to at least one of the absolute pose parameters.

Here signal is related to position and orientation (full pose) or all absolute pose parameters.

"c) an application employing said signal in said input, wherein said absolute pose of said item comprises at least three translational degrees of freedom and at least three rotational degrees of freedom, said at least one absolute pose parameter is related to at least one among said at least three translational degrees of freedom and said at least three rotational degrees of freedom by a mapping and at least one aspect of said application

varies with said absolute pose of said item." -- AMP CREATIVE uses an application employing the signal (all absolute pose parameters) of the item (VR headset or HMD) including at least three translational degrees of freedom and at least three rotational degrees of freedom.





And they map all the degrees of freedom to at least one aspect of the application, such as navigating in three-dimensional space in their VR application to navigate a virtual scene.

23.    Similarly, AMP CREATIVE infringes Claims 2, 11-19, 25, 32, 33, 34, 36, 37, 39, 40, and 44-49 of the '540 Patent.

## FIRST CLAIM FOR RELIEF

### (Direct Infringement of the '559 in Violation of 35 U.S.C. § 271(a))

24.    ESPi refers to and incorporates herein by reference paragraphs 1-23.

25.    The '559 Patent is valid and enforceable.

ELECTRONIC SCRIPTING PRODUCTS, INC. v. AMP CREATIVE
Complaint for Patent Infringement

26.    AMP CREATIVE has infringed and continues to infringe at least Claims 1, 6, 7, 10, 15, 16, 19, 24, and 25 of the '559 Patent under 35 U.S.C. 271(a), either literally or under the Doctrine of Equivalents, by making, using, selling or offering to sell the Accused Products.

27.    AMP CREATIVE has had knowledge and notice of the '559, as well as of its own infringement of the '559, since at least the date of the filing of this Complaint.

28.    ESPi has been and continues to be damaged by AMP CREATIVE's infringement of the '559.

29.    AMP CREATIVE's infringement of the '559 has been and continues to be willful.

**SECOND CLAIM FOR RELIEF**

**(Inducing Infringement of the '559 Patent, in Violation of 35 U.S.C. § 271(b))**

30.    ESPi refers to and incorporates herein by reference paragraphs 1-29..

31.    AMP CREATIVE is also liable for indirect infringement under 35 U.S.C. §271(b), because AMP CREATIVE knowingly induced and continues to induce the direct infringement of one or more of the Claims by end-users and other third parties (i.e. wholesalers, retailers, entertainment operators, e-sports venues and arcade operators) in the United States.

32.    Said-users and other third parties have directly infringed at least Claims 1, 10 and 19 of the '559 Patent by using or operating the Accused Products, in the manner for which such Accused Products were and are designed and marketed; that is when the Accused Products are used as AMP CREATIVE intends them to be used, the user and the act of usage thereof necessarily directly infringe the '559 Patent.

33.    AMP CREATIVE knowingly took active steps to induce end-users and other third parties in the United States to engage in direct infringement of the '559 Patent since AMP CREATIVE knew that when the Accused Products are used for their intended purpose by third parties and end users, such third parties and users directly infringe the claims of the '559 Patent.

ELECTRONIC SCRIPTING PRODUCTS, INC. v. AMP CREATIVE
Complaint for Patent Infringement

For example, to induce such third parties' and users' infringement, AMP CREATIVE, on information and belief, provided, sold, or promoted the Accused Products to end-users or other third parties along with specific instructions or training regarding the use of those products, which instructions or training actively induced said end-users and other third parties to practice one or more of the Claims and said instructions or training caused direct infringement of such Claims.

34.    AMP CREATIVE possessed the specific intent to induce direct infringement of the Claims by end-users and other third parties which intent was manifested, inter alia, by its instructions and/or training for using the Accused Products to end users and third parties, and sale of the Accused Products to end users and third parties, and its knowledge of the '559 Patent and its knowledge that any use of the Accused Products by end-users and other third parties would necessarily directly infringe one or more of the claims of the '559 Patent.

35.    AMP CREATIVE knew or should have known that testing, demonstrating, marketing, making, using, offering to sell, selling, and/or importing the Accused Products constituted infringement of one or more of the claims of the '559 Patent, based on, among other things, the reasons alleged in the foregoing paragraph.

36.    By reason of the acts of AMP CREATIVE alleged herein, ESPi has suffered damage in an amount to be proved at trial.

## THIRD CLAIM FOR RELIEF

### (Direct Infringement of the '641 in Violation of 35 U.S.C. § 271(a))

37.    ESPi refers to and incorporates herein by reference paragraphs 1-36..

38.    The '641 Patent is valid and enforceable.

39.    AMP CREATIVE has infringed and continues to infringe at least Claims 1 and 29 of the '641 Patent under 35 U.S.C. 271(a), either literally or under the Doctrine of Equivalents, by making, using, selling or offering to sell the Accused Products.

ELECTRONIC SCRIPTING PRODUCTS, INC. v. AMP CREATIVE
Complaint for Patent Infringement

40.    AMP CREATIVE has had knowledge and notice of the '641, as well as of its own infringement of the '641, since at least the date of the filing of this Complaint.

41.    ESPi has been and continues to be damaged by AMP CREATIVE's infringement of the '641.

42.    AMP CREATIVE's infringement of the '641 has been and continues to be willful.

## FOURTH CLAIM FOR RELIEF

### (Inducing Infringement of the '641 Patent, in Violation of 35 U.S.C. § 271(b))

43.     ESPi refers to and incorporates herein by reference paragraphs 1-34.

44.    AMP CREATIVE is also liable for indirect infringement under 35 U.S.C. §271(b), because AMP CREATIVE knowingly induced and continues to induce the direct infringement of one or more of the Claims by end-users and other third parties (i.e. wholesalers, retailers, entertainment operators, e-sports venues and arcade operators) in the United States.

45.    Said-users and other third parties have directly infringed at least Claims 1 and 29 of the '641 Patent by using or operating the Accused Products, in the manner for which such Accused Products were and are designed and marketed; that is when the Accused Products are used as AMP CREATIVE intends them to be used, the user and the act of usage thereof necessarily directly infringe the '641 Patent.

46.    AMP CREATIVE knowingly took active steps to induce end-users and other third parties in the United States to engage in direct infringement of the '641 Patent since AMP CREATIVE knew that when the Accused Products are used for their intended purpose by third parties and end users, such third parties and users directly infringe the claims of the '641 Patent. For example, to induce such third parties' and users' infringement, AMP CREATIVE, on information and belief, provided, sold, or promoted the Accused Products to end-users or other third parties along with specific instructions or training regarding the use of those products, which instructions or training actively induced said end-users and other third parties to practice

one or more of the Claims and said instructions or training caused direct infringement of such Claims.

47.    AMP CREATIVE possessed the specific intent to induce direct infringement of the Claims by end-users and other third parties which intent was manifested, inter alia, by its instructions and/or training for using the Accused Products to end users and third parties, and sale of the Accused Products to end users and third parties, and its knowledge of the '641 Patent and its knowledge that any use of the Accused Products by end-users and other third parties would necessarily directly infringe one or more of the claims of the '641 Patent.

48.    AMP CREATIVE knew or should have known that testing, demonstrating, marketing, making, using, offering to sell, selling, and/or importing the Accused Products constituted infringement of one or more of the claims of the '641 Patent, based on, among other things, the reasons alleged in the foregoing paragraph.

49.    By reason of the acts of AMP CREATIVE alleged herein, ESPi has suffered damage in an amount to be proved at trial.

## FIFTH CLAIM FOR RELIEF

### (Direct Infringement of the '540 Patent in Violation of 35 U.S.C. § 271(a))

50.    ESPi refers to and incorporates herein by reference paragraphs 1-49.

51.    The '540 Patent is valid and enforceable.

52.    AMP CREATIVE has infringed and continues to infringe at least Claims 2, 11-19, 25, 32, 33, 34, 36, 37, 39, 40, and 44-49 of the '540 Patent under 35 U.S.C. 271(a), either literally or under the Doctrine of Equivalents, by making, using, selling or offering to sell the Accused Products.

53.    AMP CREATIVE has had knowledge and notice of the '540 Patent, as well as of its own infringement of the '540 Patent, since at least the date of the filing of this Complaint.

54.    ESPi has been and continues to be damaged by AMP CREATIVE's infringement of the '540 Patent.

ELECTRONIC SCRIPTING PRODUCTS, INC. v. AMP CREATIVE
Complaint for Patent Infringement

55.    AMP CREATIVE's infringement of the '540 Patent has been and continues to be willful.

### SIXTH CLAIM FOR RELIEF

**(Inducing Infringement of the '641 Patent, in Violation of 35 U.S.C. § 271(b))**

56.    ESPi refers to and incorporates herein by reference paragraphs 1-55.

57.    AMP CREATIVE is also liable for indirect infringement under 35 U.S.C. §271(b), because AMP CREATIVE knowingly induced and continues to induce the direct infringement of one or more of the Claims by end-users and other third parties (i.e. wholesalers, retailers, entertainment operators, e-sports venues and arcade operators) in the United States.

58.    Said-users and other third parties have directly infringed at least Claims 2, 11-19, 25, 32, 33, 34, 36, 37, 39, 40, and 44-49 of the '540 Patent by using or operating the Accused Products, in the manner for which such Accused Products were and are designed and marketed; that is when the Accused Products are used as AMP CREATIVE intends them to be used, the user and the act of usage thereof necessarily directly infringe the '540 Patent.

59.    AMP CREATIVE knowingly took active steps to induce end-users and other third parties in the United States to engage in direct infringement of the '540 Patent since AMP CREATIVE knew that when the Accused Products are used for their intended purpose by third parties and end users, such third parties and users directly infringe the claims of the '540 Patent. For example, to induce such third parties' and users' infringement, AMP CREATIVE, on information and belief, provided, sold, or promoted the Accused Products to end-users or other third parties along with specific instructions or training regarding the use of those products, which instructions or training actively induced said end-users and other third parties to practice one or more of the Claims and said instructions or training caused direct infringement of such Claims.

60.    AMP CREATIVE possessed the specific intent to induce direct infringement of the Claims by end-users and other third parties which intent was manifested, inter alia, by its

instructions and/or training for using the Accused Products to end users and third parties, and sale of the Accused Products to end users and third parties, and its knowledge of the '540 Patent and its knowledge that any use of the Accused Products by end-users and other third parties would necessarily directly infringe one or more of the claims of the '540 Patent.

61.    AMP CREATIVE knew or should have known that testing, demonstrating, marketing, making, using, offering to sell, selling, and/or importing the Accused Products constituted infringement of one or more of the claims of the '540 Patent, based on, among other things, the reasons alleged in the foregoing paragraph.

62.    By reason of the acts of AMP CREATIVE alleged herein, ESPi has suffered damage in an amount to be proved at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, ESPi prays for relief as follows:

A.    Judgment that AMP CREATIVE has directly infringed, and induced others to infringe, the '559 Patent either literally and/or under the doctrine of equivalents;

B.    Judgment that AMP CREATIVE has directly infringed, and induced others to infringe, the '641 Patent either literally and/or under the doctrine of equivalents;

C.    Judgment that AMP CREATIVE has directly infringed, and induced others to infringe, the '540 Patent either literally and/or under the doctrine of equivalents;

D.    Judgment awarding ESPi general and/or specific damages, including a reasonable royalty and/or lost profits, in amounts to be fixed by the Court in accordance with proof, including enhanced and/or exemplary damages, as appropriate, as well as all of AMP CREATIVE's profits or gains of any kind from its acts of patent infringement.

ELECTRONIC SCRIPTING PRODUCTS, INC. v. AMP CREATIVE
Complaint for Patent Infringement

E.      Judgment awarding ESPi all of its costs, including its attorneys' fees, incurred in prosecuting this action, including, without limitation, pursuant to 35 U.S.C. § 285 and other applicable law;

F.      Judgment awarding ESPi pre-judgment and post-judgment interest; and

G.      Judgment awarding ESPi such other and further relief as the Court may deem just and proper.


## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), ESPi hereby demands a trial by jury on all issues triable to a jury.

Dated: February 25, 2025

Respectfully submitted,

BANIE & ISHIMOTO LLP

By: /s/ John A. Lee, WSBA No. 35,550
                    John A. Lee
                    jlee@banishlaw.com
                    Banie & Ishimoto LLP
                    2100 Geng Road, #210
                    Palo Alto, CA 94303
                    T: 650.241.2774
                    F: 650.241.2770

                    Attorneys for Plaintiff
                    Electronic Scripting Products, Inc.

ELECTRONIC SCRIPTING PRODUCTS, INC. v. AMP CREATIVE
Complaint for Patent Infringement